*EXHIBIT A*

# EXHIBIT A

### LIST OF ATTORNEYS/PARTIES

Michael A. Downey
MOSTYN LAW
3810 West Alabama Street
Houston, Texas 77027
Telephone: (713) 714-0000
Facsimile: (713) 714-1111
maddocketefile@mostynlaw.com
**Attorney for Plaintiff**

2.  Dale M. "Rett" Holidy
James A. Tatem, III
GERMER PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
rholidy@germer.com
jtatem@germer.com
**Attorneys for Defendants**

### INDEX OF DOCUMENTS FILED
### WITH REMOVAL ACTION

### ENNIO AND EIDIS RABANALES VS. STATE FARM LLOYDS

(a)  Plaintiff's Original Petition
(b)  Notice of Service of Process
(c)  Defendants' First Amended Answer
(d)  Docket Sheet

*EXHIBIT A*
## 2019-65375 / Court: 157

9/10/2019 5:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36694406
By: Nelson Cuero
Filed: 9/10/2019 5:34 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ENNIO RABANALES AND EIDIS RABANALES, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| STATE FARM LLOYDS AND RYAN CROSBY, | § § § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

---

### PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Ennio Rabanales and Eidis Rabanales ("Plaintiffs") and file this, *Plaintiffs' Original Petition*, complaining of State Farm Lloyds ("State Farm") and Ryan Crosby ("Crosby") (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.   Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.   Plaintiffs Ennio Rabanales and Eidis Rabanales are individuals residing in Harris County, Texas.

Certified Document Number: 87063213 - Page 1 of 18

# *EXHIBIT A*

3.      Defendant State Farm is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.      Defendant Ryan Crosby is an individual residing in and domiciled in the State of Colorado. This defendant may be served with personal process by a process server at his place of residence at 5022 South Eaton Park Way, Aurora, Colorado 80016.

## JURISDICTION

5.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6.      The Court has jurisdiction over Defendant State Farm because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant Crosby because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.      Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

Certified Document Number: 87063213 - Page 2 of 18

# EXHIBIT A

## FACTS

9.  Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

10. Plaintiffs own the insured property, which is specifically located at 17334 Bending Post Drive, Houston, Texas 77095, in Harris County (hereinafter referred to as "the Property").

11. State Farm sold the Policy insuring the Property to Plaintiffs.

12. On or about August 26, 2017, Plaintiffs' property sustained significant damage as a result of the forces of Hurricane Harvey, including the nearby tornadoes spun from the storm. Hurricane Harvey made landfall on the evening of August 25, 2017, near Rockport, Texas. Maximum sustained winds in Harvey's eyewall were 130 mph at that time, making it a Category 4 hurricane. Harvey was the nation's first major hurricane landfall since Hurricane Wilma struck South Florida in October 2005—that is, the strongest one in twelve (12) years. Rain, including wind-driven rain, was the heaviest from any tropical cyclone in the continental United States. Harvey's slow-moving path across Southeast Texas caused extensive damage—including that of Houston—with wind, wind-driven rain, and/or other covered perils.

13. As would be expected in a wind event of this magnitude, Plaintiffs' roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire property including, but not limited to, the ceilings, walls, insulation, and flooring. Plaintiffs' property also sustained substantial structural and exterior damage during the storm, including but not limited to the windows and siding, as well as damage the air conditioner, gate, and fence.

Certified Document Number: 87063213 - Page 3 of 18

# EXHIBIT A

14. Plaintiffs submitted a claim to State Farm against the Policy for Roof Damage, Structural Damage, Water Damage, Wind Damage, and Other Structure Damage the Property sustained as a result of Hurricane Harvey.

15. Plaintiffs asked that State Farm cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the siding and interior water damages to the Property, pursuant to the Policy.

16. Defendant State Farm assigned Defendant Crosby as the individual adjuster on the claim. The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. Specifically, on or about September 11, 2017, Defendant Crosby performed a substandard inspection of Plaintiffs' Property. He spent an inadequate amount of time inspecting Plaintiffs' home for damages, including the amount of time it took him to get on the roof. He further made coverage decisions which regards to what damage would and would not be covered, even though he was not authorized to make such decisions. He also communicated with Plaintiffs in a letter dated the same day as his inspection which admits there are some covered damages but denies coverage for other damages. What damage Crosby found was covered was never detailed to Plaintiffs. Furthermore, Crosby misrepresented to Plaintiffs that certain damages were not covered under their Policy. This letter and his report show that Crosby performed an inadequate investigation of Plaintiffs' claim with an "eye to deny" Plaintiffs' claim.

17. Together, Defendants State Farm and Crosby set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' storm damages during the investigation and failure to provide full

Certified Document Number: 87063213 - Page 4 of 18

# *EXHIBIT A*

coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

Certified Document Number: 87063213 - Page 5 of 18

# *EXHIBIT A*

18. As detailed in the paragraphs below, State Farm wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, State Farm underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

19. To date, State Farm continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

20. Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiffs.

21. Defendants State Farm and Crosby misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants State Farm's and Crosby's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

22. Defendants State Farm and Crosby failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants State Farm's and Crosby's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

# EXHIBIT A

23. Defendants State Farm and Crosby failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants State Farm and Crosby failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants State Farm and Crosby did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants State Farm's and Crosby's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

24. Defendants State Farm and Crosby failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Farm and Crosby. Defendants State Farm's and Crosby's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

25. Defendants State Farm and Crosby refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants State Farm and Crosby failed to conduct a reasonable investigation. Specifically, Defendants State Farm and Crosby performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants State Farm's and Crosby's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

Certified Document Number: 87063213 - Page 7 of 18

# EXHIBIT A

26.    Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

27.    Defendant State Farm failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

28.    Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

29.    From and after the time Plaintiffs' claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

# *EXHIBIT A*

30. Defendants State Farm and Crosby knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

31. As a result of Defendants State Farm's and Crosby's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

32. Plaintiffs' experience is not an isolated case.   The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims.   State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST DEFENDANT CROSBY
#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

33. Defendant State Farm assigned Defendant Crosby to adjust the claim.   Defendant Crosby was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages.   During his investigation, the adjuster failed to properly assess Plaintiffs' Hurricane Harvey damages.   The adjuster also omitted covered damages from his report, including many of Plaintiffs' covered damages.   In addition, the damages that the adjuster did include in the estimate were severely underestimated.

34. Defendant Crosby's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

## *EXHIBIT A*

35.   Defendant Crosby is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of State Farm, because he is a "person" as defined by TEX. INS. CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

36.   Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Crosby's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using his/her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Crosby's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

# EXHIBIT A

37.   Defendant Crosby's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

38.   Defendant Crosby failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement.     Specifically, Defendant Crosby failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim.  The unfair settlement practice of Defendant Crosby as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

39.   Defendant Crosby's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

40.   Defendant Crosby did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by

# *EXHIBIT A*

Plaintiffs to State Farm. Defendant Crosby's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

41.  Plaintiffs are not making any claims for relief under federal law.

### FRAUD

42.  Defendants State Farm and Crosby are liable to Plaintiffs for common law fraud.

43.  Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants State Farm and Crosby knew were false or made recklessly without any knowledge of their truth as a positive assertion.

44.  The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

45.  Defendants State Farm and Crosby are liable to Plaintiffs for conspiracy to commit fraud. Defendants State Farm and Crosby were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants State Farm and Crosby committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

Certified Document Number: 87063213 - Page 12 of 18

# *EXHIBIT A*

## CAUSES OF ACTION AGAINST STATE FARM ONLY

46.     Defendant State Farm is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

47.     Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiffs.

48.     Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

49.     Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

50.     Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

51.     Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an

Certified Document Number: 87063213 - Page 13 of 18

# *EXHIBIT A*

unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

52.  Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

53.  Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

54.  Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

55.  Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

56.  Defendant State Farm's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as

*EXHIBIT A*

described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

57. Defendant State Farm's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

58. Defendant State Farm's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

59. As referenced and described above, and further conduct throughout this litigation and lawsuit, Crosby is an agent of State Farm based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

60. Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Crosby including the completion of his duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

61. Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

62. Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

# *EXHIBIT A*

## KNOWLEDGE

63.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

64.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

65.     As previously mentioned, the damages caused by Hurricane Harvey have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant State Farm's and Crosby's mishandling of Plaintiffs' claim in violation of the laws set forth above.

66.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

67.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

68.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five

# *EXHIBIT A*

percent to the interest rate determined under Section 304.003, Finance Code, together with attorney's fees. TEX. INS. CODE §542.060.

69. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

70. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

71. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

72. Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

73. *Plaintiffs' Request for Disclosure to Defendant State Farm Lloyds* is attached as "Exhibit A."

Certified Document Number: 87063213 - Page 17 of 18

# *EXHIBIT A*

## REQUESTS FOR PRODUCTION

74.   *Plaintiffs' First Request for Production to Defendant State Farm Lloyds* is attached as
      "Exhibit B."

## INTERROGATORIES

75.   *Plaintiff Ennio Rabanales's First Set of Interrogatories to Defendant State Farm Lloyds*
      is attached as "Exhibit C."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said
Plaintiffs have and recover such sums as would reasonably and justly compensate them in
accordance with the rules of law and procedure, as to actual damages, treble damages under the
Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition,
Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all
costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed
by law, and for any other and further relief, either at law or in equity, to which they may show
themselves justly entitled.

Respectfully submitted,

MOSTYN LAW

*/s/ Michael A. Downey*
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
maddocketefile@mostynlaw.com

ATTORNEY FOR PLAINTIFFS

Certified Document Number: 87063213 - Page 18 of 18

9/25/2019 9:20 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37100155
By: Kimberly Garza
Filed: 9/25/2019 9:20 AM

COPY OF PLEADING PROVIDED BY PARTY

OT. 9104469

# *EXHIBIT A*

CAUSE NO. 201965375

RECEIPT NO.                   0.00        ATY
          **********
                              TP # 73669841

PLAINTIFF: RABANALES, ENNIO                    In The    157th
                      vs.                      Judicial District Court
DEFENDANT: STATE FARM LLOYDS                   of Harris County, Texas
                                               157TH DISTRICT COURT
                                               Houston, TX

                        CITATION
THE STATE OF TEXAS
County of Harris

TO: STATE FARM LLOYDS BY SERVING ITS REGISTERED AGENT CORPORATION
    SERVICE COMPANY
    211 EAST 7TH STREET SUITE 620   AUSTIN TX 78701
    Attached is a copy of PLAINTIFFS' ORIGINAL PETITION

This instrument was filed on the 10th day of September, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 11th day of September, 2019, under my hand and
seal of said Court.

Issued at request of:                          MARILYN BURGESS, District Clerk
DOWNEY, MICHAEL ANDREW II                      Harris County, Texas
3810  W. ALABAMA ST.                           201 Caroline, Houston, Texas 77002
HOUSTON, TX 77027                              (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 714-0000
Bar No.: 24067445                              Generated By: CUERO, NELSON  PMM//11324935

                    OFFICER/AUTHORIZED PERSON RETURN
Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.
Executed at (address) _____ in
_____ County at _____ o'clock ____.M., on the _____ day of _____
_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE $ _____                         _____

                                       _____ of _____County, Texas

          Affiant                      By _____
                                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                       _____
                                              Notary Public

N.INT.CITP.P                    *73669841*

CAUSE NO. 2019-65375

*EXHIBIT 4*

ENNIO RABANALES AND EIDIS
RABANALES
VS.

IN THE 157TH JUDICIAL DISTRICT COURT FOR HARRIS COUNTY,
TEXAS

STATE FARM LLOYDS AND RYAN
CROSBY

**AFFIDAVIT OF SERVICE**

BEFORE ME, the undersigned authority, _Barbara C. Stinnett_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _Barbara C. Stinnett_ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _P. O. Box 684627, Austin TX 78768_
(SERVER'S ADDRESS)

2. ON _09/17/19_ (DATE) AT _10 : 10_ (_A_) M (TIME) CITATION, PLAINTIFF'S ORIGINAL PETITION came to hand for delivery to STATE FARM LLOYDS BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY.

3. ON _09/17/19_ (DATE) AT _01 : 45_ (_P_) M (TIME) - The above named documents were delivered to: STATE FARM LLOYDS BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY by delivering to

_Samantha Guerra- Designated Agent_
(NAME AND TITLE), authorized agent for service @

_211 E. 7th Street, #620, Austin TX 78701_
(ADDRESS), by CORPORATE Service

_Barbara C. Stinnett_
**SIGNATURE**
PSC# _1181_   EXPIRATION: _07/31/20_

_Barbara C. Stinnett_
**AFFIANT PRINTED NAME**

SWORN TO AND SUBSCRIBED before me by _Barbara C. Stinnett_ appeared on this _18_ day of _September_ 2019 to attest witness my hand and seal of office.

**NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS**

Unofficial Copy Office of Marilyn Burgess District Clerk

2019.09.410469

MICHAEL R STINNETT
Notary ID #126498663
My Commission Expires
December 3, 2022

9/27/2019 3:18 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37202744
By: Kimberly Garza
Filed: 9/27/2019 3:18 PM

## EXHIBIT A

CAUSE NO.  201965375

RECEIPT NO.                          0.00        ATT
                    * * * * * * * * *        TR # 73669842

PLAINTIFF: RABANALES, ENNIO                    In The  157th
        vs.                                    Judicial District Court
DEFENDANT: STATE FARM LLOYDS                   of Harris County, Texas
                                               157TH DISTRICT COURT
                                               Houston, TX

                        CITATION (NON-RESIDENT)
THE STATE OF TEXAS
County of Harris


TO: CROSBY, RYAN

    5022  SOUTH EATON PARK WAY   AURORA  CO  80016

    Attached is a copy of PLAINTIFFS' ORIGINAL PETITION


This instrument was filed on the 10th day of September, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 11th day of September, 2019, under my hand and
seal of said Court.


Issued at request of:                          MARILYN BURGESS, District Clerk
DOWNEY, MICHAEL ANDREW II                      Harris County, Texas
3810  W. ALABAMA ST.                           201 Caroline, Houston, Texas 77002
HOUSTON, TX  77027                             (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 714-0000
Bar No.: 24087445                              Generated By: CUERO, NELSON  7MM//11324939

STATE OF _____

County of _____                 OFFICER/AUTHORIZED PERSON RETURN

PERSONALLY APPEARED before me, the undersigned authority, _____
who being by me duly sworn, deposes and says that in the County of _____
State of _____ he delivered to the within named defendants in person at the
following times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
|------|------|---|---|------|---|-------|
|  | MONTH | DAY | YEAR | HOUR | MIN |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

a true copy of this notice, with a copy of:

accompanying same; and further, that he is an adult and is in no manner interested in this suit
and is the person competent to make oath of the fact.

                                               _____
On this day, _____                                Affiant/Deputy
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of __ _____, _____

                                               _____
                                                    Notary Public


N.INT.CITH.P                        *73669842*

# *EXHIBIT A*

## NO. 2019-65375

| | | |
|---|---|---|
| ENNIO RABANALES AND EIDIS RABANALES | § § § | |
| VS. | § § | IN THE 157TH JUDICIAL DISTRICT COURT FOR HARRIS COUNTY, TEXAS |
| STATE FARM LLOYDS AND RYAN CROSBY | § § | |

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Lori Simpson_ (Process Server), personally appeared on this _25th_ day of _Sept,_ , **2019** and stated under oath as follows:

1. My name is _Lori Simpson_ (server). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

_11479 S. Pine Dr. #36  Parker, Co 80134_
**(SERVER'S ADDRESS)**

2. ON _9│13│19_ **(DATE)** AT _5:00_ (P)M **(TIME)** PLAINTIFF'S ORIGINAL PETITION, CITATION (NON-RESIDENT) came to hand for delivery to **RYAN CROSBY**.

3. ON _9│25│19_ **(DATE)** AT _9:35_ (A) M **(TIME)** The above named documents were hand delivered to: **RYAN CROSBY** AT:

_5022 S. Eaton Park Way  Aurora, Co 80016_
**(ADDRESS)**, in Person, **in accordance to Rule 108 TRCP.**

**FURTHER AFFIANT SAYETH NOT.**

_Lori Simpson_
**SERVER'S SIGNATURE**

_Lori Simpson_
**SERVER'S PRINTED NAME**

SWORN TO AND SUBSCRIBED before me by _LORI Simpson_ (server) appeared on this _25_ day of _Sept_ , **2019** to attest witness my hand and seal of office.

_Christine Blankb___
**NOTARY PUBLIC IN AND FOR THE STATE OF** _Colorado_

2019.09.410472

```
CHRISTINE BLANKENBUEHLER
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20044039589
MY COMMISSION EXPIRES NOVEMBER 13, 2020
```

Unofficial Copy Office of Marilyn Burgess District Clerk

*EXHIBIT A*

### CAUSE NO. 2019-65375

| | | |
|---|---|---|
| **ENNIO RABANALES and** | § | **IN THE DISTRICT COURT OF** |
| **EIDIS RABANALES** | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **AND RYAN CROSBY** | § | |
| | § | **157TH JUDICIAL DISTRICT** |

### DEFENDANTS STATE FARM LLOYDS AND RYAN CROSBY'S
### FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS and RYAN CROSBY, Defendants in the above-entitled and numbered cause, and files this First Amended Answer to the allegations contained in Plaintiffs' Petition, and all subsequent amended or supplemental petitions filed against them and would show as follows:

### I.
### GENERAL DENIAL

1.  Defendants generally deny all of the material allegations contained in Plaintiffs' Original Petition, and any amendments thereto, and demand strict proof thereof as allowed under the laws of the State of Texas. By this general denial, Defendants would require Plaintiffs to prove every fact to support the claims in Plaintiffs' Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2.  **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental direct physical loss to the

## *EXHIBIT A*

insured property during the policy period. Plaintiffs lack proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3. **Payment.** Defendants are entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments made to or on behalf of Plaintiffs under the Policy in connection with the damages and the insurance claim that give rise to Plaintiffs' claims in this lawsuit.

4. **Deductible/Offset.** Defendants are entitled to on offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' deductible.

5. **Limit of Liability.** Defendant's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

6. **Failure of Policy Considerations/Conditions Precedent.** Defendants hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiffs have failed to satisfy the conditions of the Policy requiring Plaintiffs to preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

### SECTION I – CONDITIONS

2. **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:
a. give immediate notice to us or our agent…
b. protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;
* * * * *
d. as often as we reasonably require:
   (1) exhibit the damaged property;
   (2) provide us with records and documents we request and permit us to make copies

## *EXHIBIT A*

(3)    submit to and subscribe, while not in the presence of any other insured:
(a) statements; and
(b) examinations under oath….

**7.**     **Pre-Existing Damages.** Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, pre-existed the alleged occurrence of wind or wind-driven rain.

**8.**     **Normal Wear and Tear.** Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

### SECTION I – LOSSES NOT INSURED

1.    We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

* * * * *

g.   wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

* * * * *

i.   mold, fungus or wet or dry rot….

l.   settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs, or ceilings.

3.    We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1.and 2. immediately above regardless of whether one or more of the following: (a)directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

b.   defect, weakness, inadequacy, fault or unsoundness in:

(2) design, specifications, workmanship, construction, grading, compaction;

*EXHIBIT A*

(3)  materials used in construction or repair; or

(4)  maintenance;

c.  weather conditions.

9.  **Flood, Surface Water or Neglect.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were proximately caused, in whole or in part, by flood, surface water or neglect. The policy states:

### SECTION I – LOSSES NOT INSURED

2.  We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs…

* * * * *

c.  **Water Damage**, meaning:
    (1)  Flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;
    (2)  water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area…
    (3)  water the below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or
    (4)  material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.

* * * * *

d.  **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

## *EXHIBIT A*

10.     **Personal Property.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were not proximately caused, in whole or in part, by a wind or hail created opening in the roof or a wall.  The policy states:

**COVERAGE B - PERSONAL PROPERTY**

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in **SECTION I - LOSSES NOT INSURED**:

d.     **Windstorm or hail**. This peril does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.

**SECTION I - LOSSES NOT INSURED**

2.     We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces…

11.     **Bona Fide/Legitimate Dispute.**   A bona fide and legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

12.     **No Waiver.**  Plaintiffs' claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid. State Farm made no such waiver in this case.

## EXHIBIT A

13.     **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiffs prove Defendants' liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

14.     **Written Notice of Claim.**  Defendants specifically deny that Plaintiffs provided Defendants with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiffs, they are barred from recovering under Chapter 542 of the Texas Insurance Code. Defendants also specifically deny that the Policy obligated Defendants to inform Plaintiffs that written notice of the claim was required, and Defendants specifically deny that they were under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

15.     **Chapter 542A.**  Defendants assert the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007.

### III.
### RIGHT TO AMEND

16.     Defendants reserve the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

### IV.
### JURY DEMAND

# *EXHIBIT A*

**17.**     Defendants demand a trial by jury pursuant to Texas Rule of Civil Procedure 216.

**WHEREFORE, PREMISES CONSIDERED**, Defendants, STATE FARM LLOYDS and RYAN CROSBY, respectfully request that upon final trial and hearing hereof, that Plaintiffs take nothing and that Defendants recover their costs, fees, and expenses, and for such other further relief to which Defendants may show themselves to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _____
**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANTS,
STATE FARM LLOYDS AND RYAN CROSBY**

*EXHIBIT A*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 14th day of October, 2019.

Michael Downey                                                    VIA E-SERVICE
Mostyn Law
3810 West Alabama Street
Houston, Texas 77027


**DALE M. "RETT" HOLIDY**

## *EXHIBIT A*

### Envelope ID :37630973

## Case Number : 201965375

## Case Type

| | |
|---|---|
| **Jurisdiction :** Harris County - 157th Civil District Court | **Case Category :** Civil - Other Civil |
| **Case Type :** Other Civil | **Filer Type :** Attorney |
| **Payment Account:** File & ServeXpress CC | **Attorney :** Rett Holidy |
| **Case Number:** 201965375 | |
| **Client Matter ID:** 99693 | **Date Filed:** 10/14/2019 02:41:15 PM |

## Parties    5

| Sending Party | Party Type | Name | Address |
|---|---|---|---|
| | Registered Agent | STATE FARM LLOYDS BY SERVING ITS REGISTERED AGENT CORPORATION NA | 211 EAST 7TH STREET SUITE 620, AUSTIN, TX 78701 , AUSTIN , Texas , 78701 |
| | Defendant / Respondent | CROSBY RYAN | 5022 SOUTH EATON PARK WAY, AURORA, CO 80016 , AURORA , Coahuila , 80016 |
| | Plaintiff / Petitioner / Old Name | RABANALES EIDIS | |
| ☑ | Defendant / Respondent | STATE FARM LLOYDS NA | |
| | Plaintiff / Petitioner / Old Name | RABANALES ENNIO | 3810 W. ALABAMA, HOUSTON, TX 77027 , HOUSTON , Texas , 77027 |

## Documents

*EXHIBIT A*

| Status | Filing Code | Filing Description | Original Document | Converted Document | Stamped Document | Optional Services | Document Category | Document Description | Fees |
|--------|-------------|--------------------|--------------------|--------------------|------------------|-------------------|-------------------|--------------------|------|
| **Accepted** ( 10/14/2019 ) **Note to Clerk:** | Answer/Response / Waiver (Lead Document) | Answer | ANSWER.pdf | | ANSWER.pdf | | Answer to Original Petition | Abswer | $0.00 |

**Responsible for Filing Fees :** STATE FARM LLOYDS BY SERVING ITS REGISTERED AGENT CORPORATION NA

**Send Accepted Notifications To:**

## Service Contact 5

| e-Serve | Name | Email Address | Public | Attached To | Status | Date Opened |
|---------|------|---------------|--------|-------------|--------|-------------|
| Yes | Amber Zayas | azayas@germer.com | Yes | STATE FARM LLOYDS NA | Sent | Unopened |
| Yes | Christine Hernandez | chernandez@germer.com | Yes | STATE FARM LLOYDS NA | Sent | Unopened |
| Yes | Cynthia Wallace | cwallace@germer.com | Yes | STATE FARM LLOYDS NA | Sent | Unopened |
| Yes | Jim Tatem | jtatem@germer.com | Yes | STATE FARM LLOYDS NA | Sent | Unopened |
| Yes | Michael Downey | maddocketefile@mostynlaw.com | No | | Sent | 10/14/2019 2:46:24 PM |

## Fees Calculation

*EXHIBIT A*

| Allowance Charge Reason | Amount |
| --- | --- |
| Total Provider Tax Fees($) | $0.18 |
| Total Provider Service Fees($) | $2.24 |
| Total Court Service Fees($) | $0.00 |
| Total Service Tax Fees($) | $0.00 |
| Total Filing & Service Fees($) | $0.00 |
| Total Court Filing Fees($) | $0.00 |
| Total Court Party Fees($) | $0.00 |
| Total Court Case Fees($) | $0.00 |
| Convenience Fee($) | $0.07 |
| **Total Fees($)** | **$2.49** |

**HCDistrictclerk.com**          RABANALES, ENNIO vs. STATE FARM LLOYDS          10/15/2019
Cause: 201965375 *EXHIBIT A* Div: 157   Court: 157

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 87598300 | Defendants State Farm Lloyds and Ryan Crosby's First Amended Answer | | 10/14/2019 | 8 |
| 87489586 | DEFENDANT'S ORIGINAL ANSWER | | 10/07/2019 | 7 |
| 87345422 | Citation Return | | 09/27/2019 | 2 |
| 87286804 | Citation Return | | 09/25/2019 | 2 |
| 87073731 | Civil Process Pick-Up Form | | 09/11/2019 | 1 |
| 87063213 | Plaintiffs' Original Petition | | 09/10/2019 | 18 |